Behrooz P. Vida, SBOT No. 20578040
Carla Reed Vida, SBOT No. 16674445
Helenna Bird, SBOT No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
Tel: (817) 358-9977
Fax: (817) 358-9988
ATTORNEYS FOR TAMAMOI, LLC and FDRE, INC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IIN RE | § | Chapter 11 |
| WALL010, LLC, | § | Case No. 21-30016-hdh |
| Debtor | § | |

---

## MOTION FOR RELIEF FROM STAY

TO THE HONORABLE JUDGE OF THE SAID COURT:

TAMAMOI, LLC, a Delaware limited liability company ("**Tamamoi**") and FDRE, INC., an Oregon corporation ("**FDRE**") (collectively "**Movant**"), file this *Motion for Relief from Stay* (the "**Motion**"), against WALL010, LLC ("**Debtor**"), and would respectfully show the Court as follows:

## NOTICE

**RESPONSE REQUIRED.** THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE A RESPONSE TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN 14 DAYS FROM THE SERVICE OF THE MOTION.* THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS

SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

UNDER BANKRUPTCY RULE 9006(3) SERVICE BY MAIL IS COMPLETE UPON MAILING; UNDER BANKRUPTCY RULE 9006(f), 3 DAYS ARE ADDED TO THE PERIOD FOR FILING A RESPONSE WHEN NOTICE OF THE PERIOD IS SERVED BY MAIL.

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334.

2. This is a core proceeding. This Motion constitutes a contested matter pursuant to Rule 9014 of the Bankruptcy Rules.

3. This motion is brought pursuant to 11 U.S.C. §§ 105, 361, 362 and Bankruptcy Rule 4001.

4. Movant is the mortgagee on a piece of real estate which has the following legal description:

LEGAL DESCRIPTION

BEING a 195.4720 acre tract of land situated in the John N. Ely Survey, Abstract No.261, Johnson County, Texas and being all that certain called 195.501 acre tract of land described in Deed from Randolph M. Roten and Lisa Renne Roten to BSAG Properties Ltd. And recorded in Volume 4444, Page 156 of the Real Property Records of Johnson County, Texas.

BEGINNING at a RR Spike set for corner in County Road 506 at the East corner of said 195.501 acre tract of land and being at intersection of the Southwest line of Farm-to-Market Road No. 157 with the Southeast line of said 195.501 acre tract, said corner also being in the in the established Southeast line of said Ely Survey, same being the established Northwest line of the Absalom Williams Survey, Abstract No. 857;

THENCE South 59°40’46” West with said Survey lines and the Southeast line of said 195.501 acre tract a distance of 2,150.64 feet to a RR Spike found for corner at the South comer of said 195.501 acre tract, same being the East corner of a called 0.6 acre save and accept tract from the called 200 acre parent tract recorded in Volume 2170,

Page 901 of said Real Property Records;

THENCE North 49°15’24” West across said Ely Survey and with the Southwest line of said 195.502 acre tract a distance of 444.86 feet to a ½" iron rod found for corner at an angle corner in said Southwest line, same being the No1iheast line of a called 124.051 acre tract of land described in Deed from Virginia
D. Rhinehart to Derrell G. Leonard and recorded in Volume 3557, Page 778 of said Real Property Records;

THENCE North 30°22’29” West with said Southwest and Northeast lines at a distance of 2921.20 feet passing a 5" metal corner post found for corner at the North corner of the above referenced 124.051 acre tract of land, same being the East corner of that ce1iain called 12.027 acre tract of land, Tract Two described in Deed from R. Pratt Phillips, et ux to Harper Cattle, L.L.C. and recorded in Volume 2476, Page 646 of said Real Property Records and continuing a total distance of 3,304.29 feet to RR spike found for the West corner of said 195.502 acre tract and being in County Road 507, the established Northwest line of said John N. Ely Survey, same being the Southeast line of the J. W. Harris Survey, Abstract No. 1072;

THENCE North 59°22'28" East with County Road 507, the Northwest line of said 195.502 acre tract and the Northwest line of said Ely Survey, same being the Southeast line of said Harris Survey a distance of 2,329.19 feet to a RR spike found for comer at the North corner of said 195.502 acre tract, same being the established North comer of said Ely Survey and being in the Southwest line of the J. Ware Survey, Abstract No. 913;

THENCE South 30°27’55” East with the Northeast line of said Ely Survey, the Northeast line of said 195.502 acre tract and the Southwest line of said Ware Survey a distance of 162.69 feet to a ½" iron rod found for comer in the Southwest line of Farm-to-Market Road No. 157 and being at the beginning of a non-tangent curve to the left;

THENCE in a Southeasterly direction with said curve to the left having a radius of 358.31 feet, whose chord bears South 16°46'07" East -169.20 for an arc length of 170.81 feet;

THENCE with the East line of said 195.502 acre tract and the Southwest line of said Farm-to-Market Road the following:

South 30°27’37” East a distance of 454.30 feet to a½" iron rod found for corner;

South 24°44’51” East a distance of 100.50 feet to a ½" iron rod set for corner with cap marked "SANDS";

South 30°27’29” East a distance of 1,400.00 feet to a½" iron rod set for corner with cap marked "SANDS";

South 36°10’07” East a distance of 100.50 feet to a ½" iron rod set for corner with cap marked "SANDS";

THENCE South 30°27’29” East a distance of 1,356.00 feet back to the POINT OF BEGINNING AND CONTAINING 8,514,762 square feet or 195.4720 acres of land more or less

The (“**Land**”).

5. Movant agreed on a short-term basis to finance the purchase of the Land for Carnegie Development, LLC, a Delaware limited liability company, (“**Carnegie**”).

6. On December 28, 2018, Carnegie through Timothy Barton, its manager, signed a Promissory Note in the amount of $2,000,000.00 (the “**Promissory Note**”) and executed a Deed of Trust (the “**Deed of Trust**”), which was recorded on January 4, 2019. *See* Exhibits “A” and “B”. Also, Timothy Barton personally guaranteed Carnegie’s indebtedness to Movant. *See* Exhibit “C”.

7. The Promissory Note interest rate was 11.5% and it matured on June 27, 2020. Also, on matured and unpaid amounts the Promissory Note required the lesser of 18% or the Highest Lawful Rate permitted by law.

8. Carnegie defaulted under the terms of the Promissory Note.

9. On April 11, 2020, Movant sent to Carnegie its notice of intent to accelerate. *See* Exhibit “D”.

10. Movant posted the Land for the July 7, 2020, foreclosure date. *See* Exhibit “E”.

11. Unbeknownst to Movant, Carnegie allegedly transferred the Land to Debtor for payment of an alleged antecedent debt owed by Carnegie to Debtor.

12. On April 8, 2020, a group of creditors petitioned the Court for an involuntary

bankruptcy proceeding against Debtor and a few of its affiliates. The cases were jointly administered as Case No. 20-31131-hdh7 and the Debtor was assigned Case No. 20-31134 (collectively the "**Involuntary Case**").

13. Starting the day before foreclosure, July 6, 2020, Debtor through Joyce Lindauer, Esq., bankruptcy counsel for the Debtor, took steps towards stopping Movant's foreclosure on the Land.

14. Eventually, on July 7, 2020, for the first time ever, Carnegie and Debtor, through Timothy Barton and Vance McMurry, Esq., provided the following documents to Movant:

1) Promissory Note allegedly executed between Carnegie and Debtor on July 16, 2018. *See* Exhibit "F".
2) Written Consent in Lieu of Special Meeting of Wall010, LLC, allegedly executed on December 30, 2018. *See* Exhibit "G".
3) *Unrecorded* Warranty Deed transferring the Land from Carnegie to Debtor allegedly executed on January 14, 2019. *See* Exhibit "H".

15. Carnegie transferred the Land to Debtor despite these provisions in the Deed of Trust:

1) Paragraph A.11 of the Deed of Trust specifically provides Carnegie had to "obtain the written consent of [Movant] prior to entering into any pledge, security agreement, mortgage, or deed of trust covering any portion of the Property." Carnegie did not obtain Movant's written consent. *See* Exhibit "B".
2) Paragraph B.9 of the Deed of Trust specifically provides "If [Carnegie] shall sell or convey all or any part of the Property or any interest therein, [Movant] may at [Movant's] option, declare the Note to be immediately due and payable, which option may be exercised at any time following such sale and/or conveyance." *See* Exhibit "B". Had Movant been aware of the transfer of the Property from Carnegie to Debtor, it would have sought this Court's help much sooner. *See* Exhibit "B".

16. On July 17, 2020, Movant filed a motion for relief from stay in the Involuntary

Case. [*See* ECF No. 86 in Case No. 20-31131].

17. On August 18, 2020, this Court entered an interim order requiring Debtor to pay a single adequate protection of $30,000.00 to Movant. [*See* ECF No. 152 in Case No. 20-31131]. Debtor complied.

18. On October 7, 2020, Movant amended its motion for relief from stay. [*See* ECF No. 179 in Case No. 20-31131].

19. On November 3, 2020, this Court held a final hearing on Movant's amended motion for relief from stay and at the conclusion of the hearing the Court took the matter under advisement. [*See* ECF No. 270 in Case No. 20-31131].

20. On November 16, 2020, this Court entered an order conditioning the stay. [*See* ECF No. 268 in Case No. 20-31131]. Under the Court's order, Debtor was required to make payments of $30,000.00 to Movant on November 19, 2020 and December 19, 2020. Debtor only made the first payment to Movant.

21. On December 7, 2020, the Involuntary Case was dismissed without prejudice. [*See* ECF No. 270 in Case No. 20-31131].

22. Debtor continued to refuse to pay to Movant the total amount owed under the Promissory Note. Movant posted the Land for foreclosure on January 5, 2021. *See* Exhibit "I".

23. On January 4, 2021, Debtor filed the instant voluntary bankruptcy case to stop Movant's foreclosure scheduled for January 5, 2021.

24. Since the Promissory Note has already matured and remains unpaid, Movant asserts Debtor's history in dealing with Movant and its failure to pay the full indebtedness, are cause for termination of stay pursuant to section 362(d)(1) of the Bankruptcy Code.

25. Movant contends the value of the Land is less than $1,600,000.00. Since as of January 5, 2021, the payoff on the indebtedness to Movant exceeds the approximate amount of $2,283,421.14, this means Debtor does not have any equity in the Land. Also, the Land is not necessary for an effective reorganization. Therefore, the stay should be terminated pursuant to section 362(d)(2) of the Bankruptcy Code.

26. Debtor's multiply delays of Movant in foreclosing on the Land continues to harm Movant's interest in the Land. This is cause for termination of stay pursuant to section 362(d)(1) of the Bankruptcy Code.

27. Movant contends that based on the facts of this case cause exists for the requirements of Bankruptcy Rule 4001(a)(3) to be waived as to Movant under the circumstances of this case.

WHEREFORE, PREMISES CONSIDERED, Movant prays for an order of the Court granting relief from stay so that it may proceed to take all remedies available to it under Texas law with respect to the Land and for such other and further relief as is just.

Respectfully submitted:

By: /s/ Behrooz P. Vida 1/7/2021

Behrooz P. Vida
State Bar No. 20578040
Carla Reed Vida
State Bar No. 16674445
Helenna Bird
State Bar No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
EMAIL: filings@vidalawfirm.com
TEL: (817) 358-9977
FAX: (817) 358-9988

## CERTIFICATE OF CONFERENCE

Undersigned attempted a conference call with Joyce Lindauer, Esq., on January 6, 2021, on the merit of this Motion but she was unavailable. It is assumed that the Motion is opposed and is being presented for consideration by the Court.

/s/ Behrooz P. Vida 1/7/2021
Behrooz P. Vida
Carla R. Vida
Helenna Bird

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically. Service was accomplished electronically and/or by first class mail to the parties indicated on the mailing matrix attached to the original certificate filed with the Court.

| | |
|---|---|
| WALL007 LLC, Debtor<br>c/o Carnegie Development, LLC<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | VIA US MAIL |
| Joyce W. Lindauer<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street, Suite 500<br>Dallas, TX 75202 | VIA ECF |
| Parties Having Filed NOA | VIA ECF |
| Office of United States Trustee | VIA ECF |

/s/ Behrooz P. Vida 1/7/2021
Behrooz P. Vida
Carla R. Vida
Helenna Bird